UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viatcheslav Belyaev,                                                    Civil No. 07-4727 (PAM/JSM)

                  Petitioner,

v.                                                                                    **MEMORANDUM AND ORDER**

Michael Chertoff et al.,

                  Defendants.

---

This matter is before the Court on Petitioner's Motion to Enter Judgment and Defendants' Motion to Dismiss. For the reasons that follow, the Court denies Plaintiff's Motion, grants Defendants' Motion, and dismisses this action with prejudice.

**BACKGROUND**

Petitioner Viatcheslav Belyaev commenced this action pro se on November 30, 2007, more than three years after he was interviewed in connection with his naturalization application. (Pet. ¶ 2.) Belyaev asked the Court to adjudicate his application or order Defendants to do so and also sought costs associated with prosecuting the action. After Defendants answered the Petition, Belyaev filed a "Response to Defendants' Answer and a Motion to Enter Judgment on Naturalization Application" in which he generally stated that he was entitled to relief as a matter of law. (Docket No. 5.)

On February 27, 2008, Belyaev was naturalized as a United States citizen. Belyaev acknowledged his naturalization in a "Modified Motion to Enter Judgment" that he filed on February 29, 2008. (Docket No. 6.) Nevertheless, he claimed costs such as this action's filing fee as well as damages resulting from his delayed naturalization including "significant

moral suffering and financial damage" including "lost job opportunities." (Id. at 1-2.)

Defendants filed a Motion to Dismiss on grounds that Belyaev's petition is moot, sovereign immunity applies, and the Court has no subject-matter jurisdiction over any of his claims. Defendants provided to the Court a Stipulation for Dismissal that the attorney for Defendants has signed but that Defendants indicated Belyaev has refused to sign until he is compensated. Belyaev filed a timely response in which he asserted that 8 U.S.C. § 1447(b) authorizes his damages claim and that sovereign immunity does not apply even though he has sued the various Defendants in their official capacities.

**DISCUSSION**

Belyaev filed his Petition pursuant to 8 U.S.C. § 1447(b), which authorizes naturalization applicants awaiting a decision to apply to the Court for a hearing when 120 days have elapsed since the applicant's naturalization examination. Because Belyaev has been naturalized, his petition has been "mooted by subsequent developments" and there is no justiciable controversy for the Court to adjudicate. Flast v. Cohen, 392 U.S. 83, 95 (1968).

Further, Defendants are correct that Belyaev's claim for damages would appear to arise under the Federal Tort Claims Act, which is not at issue here. This is because "[t]he United States is immune from suit unless it consents." Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007). "Sovereign immunity bars claims against federal officials in their official capacities unless a waiver of sovereign immunity is unequivocally expressed." Hagemeier v. Block, 806 F.3d 197, 202 (8th Cir. 1986) (quotation omitted). Because

Congress has expressed no intention that § 1447(b) petitioners such as Belyaev can be compensated for costs and/or claimed damages, sovereign immunity applies and Belyaev's claims are barred.

**CONCLUSION**

The Court understands that Belyaev has been frustrated with the naturalization process and that he feels entitled to compensation for expenses in this action such as the filing fee. However, the Court's authority under § 1447(b) is governed by Congress, and Congress has not authorized the Court to adjudicate a claim for the relief that Belyaev has requested. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Entry of Judgment (Docket Nos. 5-6) is **DENIED**;

2. Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket No. 7) is **GRANTED**; and

3. This action is **DISMISSED with prejudice**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 2, 2008

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge